Memorandum. Notwithstanding the bizarre and generally contradictory version of the burglary as testified to by the plaintiff, on this record we cannot say that the trial proof was incredible as a matter of law. And, of course, it is not within our province to determine whether the verdict was against the weight of the credible evidence.
As regards the issue raised by the dissent concerning the charge, we note that the court did read the relevant portion of the insurance contract and then charged the jury as follows: "If it appears that the plaintiff has wilfully and fraudulently placed in its proof of loss a statement of property loss which he did not, in fact, possess or that he has placed a false and fraudulent valúe upon the articles which he did own, then he is not entitled to recover anything under the policy.” This, in substance, was repeated several times during the charge and the defendant concedes that "The trial court generally charged that a false answer to a material fact or a statement of property not possessed or whose value is over-exaggerated is a complete defense to the action.” Defendant’s objection on this appeal is that the court refused to advise the jury that if they found "that the plaintiff has been guilty of fraud or false swearing in the proof of loss as to one item set forth, it forfeits the whole policy and makes it void” (emphasis added). The *1000 court properly refused this instruction (see Saks & Co. v Continental Ins. Co., 23 NY2d 161,165).