■ NORTH RIVER INSURANCE COMPANY, Respondent, v GOOD MORNING FARMS, INC., Appellant. — Judgment unanimously reversed, on the law, without costs, and motion denied. Memorandum: Trial Term erred in granting summary judgment in favor of the plaintiff in this action by an insurance company to recover money paid to its insured under a multiperil policy. After the commercial premises were burglarized, Ludwig, president and sole shareholder of the insured corporation, filed a proof of loss in the amount of $11,301.14. The insurer paid the claim in full. Subsequently, Ludwig pleaded guilty to presenting a false insurance claim (Penal Law, § 175.50) with respect to $4,300 of that claim. In partial satisfaction of his sentence he made restitution of that amount. The insurer, relying on clause 4 of the policy, now seeks to recover the remaining $7,001.14 on the ground that as a result of Ludwig's fraudulent acts, the entire policy became void.

Clause 4 reads as follows: "This policy is void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance." Special Term, relying on *Litke v Travelers Ins. Co.* (36 NY2d 998) and *Sunbright Fashions v Greater New York Mut. Ins. Co.* (34 AD2d 235, affd 28 NY2d 563), construed the clause as embracing fraudulent proof of loss in addition to fraud in the inducement of the contract. The clauses construed in those cases, unlike clause 4 here, include phrases (e.g., "whether before or after a loss", and "in case of any fraud or false swearing by the insured relating thereto") which are clearly worded so as to encompass fraudulent claims for loss made under the policy *after* it becomes effective as well as misrepresentations made in connection with the policy itself or its initial issuance. In contrast, the clause before us, which does not contain such phrases, can reasonably be read to refer only to fraud in the inducement of the insurance contract. We conclude that the clause is ambiguous and, therefore, should be resolved in favor of the insured (see *Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, affd 49 NY2d 924; *Calkins v Merchants Mut. Ins. Co.,* 59 AD2d 1052; see, generally, 29 NY Jur, Insurance, § 617). We reject the insurer's assertion that exclusion A(10) applies; by its terms it refers only to a loss *caused by* the insured. (Appeal from judgment of Supreme Court, Erie County, Marshall, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.