■ SEAWIDE FISH MARKET, INC., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant. — Order, Supreme Court, New York County (Wolin, J.), entered August 1, 1984, setting aside a jury verdict in favor of the defendant, New York Property Insurance Underwriting Association, in this action to recover under an insurance policy, entering a verdict on liability in favor of the plaintiff, and directing a new trial solely on the issue of damages, reversed, on the law and on the facts, with costs, the jury verdict is reinstated, and judgment in favor of the defendant dismissing the complaint is directed.

This is an action to recover under a fire insurance policy for damages allegedly sustained as a result of fire, including loss of contents and business interference loss. After a trial, the jury

found for the defendant, concluding that although plaintiff was not responsible for causing the fire, the incendiary origin of which was conceded, plaintiff had knowingly and willfully submitted a false and fraudulent claim.

On plaintiff's motion, the trial court set aside the verdict in favor of the defendant, stating that a false and fraudulent claim had not been established as a matter of law, and thereafter signed an order entering a verdict of liability in favor of the plaintiff and directing a new trial solely on the issue of damages. We disagree, and accordingly reverse the order appealed from, reinstate the jury verdict, and direct entry of a judgment in favor of the defendant dismissing the complaint.

From the evidence submitted on behalf of the defendant at the trial, the jury could reasonably have concluded, as it in fact did, that in support of its claim plaintiff had submitted fraudulent invoices and records. This New York standard fire insurance policy includes the familiar provision prescribed in Insurance Law § 168 (5) which deems the policy void "if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof * * * or in the case of any fraud or false swearing by the insured relating thereto."

In the sworn proof of loss statement by plaintiff's principal, he stated: "[N]o attempt to deceive the said company, as to the extent of said loss, has in any manner been made."

The legal consequences of the plaintiff's submission of fraudulent documents in support of the claim, as reasonably found by the jury on the basis of substantial, indeed compelling, evidence, are clear and well established. The effect is to "vitiate and avoid the whole contract in all its parts." (*Merrill v Agricultural Ins. Co.*, 73 NY 452, 467; *see also, Happy Hank Auction Co. v American Eagle Fire Ins. Co.*, 286 App Div 505, *mod on appeal on other grounds* 1 NY2d 534; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.*, 97 AD2d 503; *Claflin v Commonwealth Ins. Co.*, 110 US 81, 94-95.) Concur — Murphy, P. J., Sandler, Carro, Rosenberger and Ellerin, JJ.