■ RAYMOND FIORE et al., Respondents-Appellants, v STATE FARM FIRE AND CASUALTY COMPANY, Appellant-Respondent.— In an action on a homeowner's insurance policy (1) the defendant insurer appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 13, 1986, as granted that branch of the plaintiffs' motion which was made pursuant to CPLR 3211 (b) to dismiss the first six affirmative defenses in the defendant's answer, and (2) the plaintiff insureds cross-appeal from so much of the same order as (a) granted the defendant's cross motion pursuant to CPLR 3211 (a) (7) to strike their claim for punitive damages and to dismiss their claim for mental and emotional distress and (b) denied that branch of the plaintiffs' motion which was to disqualify the defendant's present attorneys.

Ordered that the order is affirmed, insofar as appealed and cross-appealed from, without costs or disbursements.

After the plaintiffs' home was allegedly burglarized, the plaintiffs filed a proof of loss with the defendant and were examined under oath. Subsequently, after concluding its investigation, the defendant informed the plaintiffs that it was denying coverage based on violations of the policy provisions relating to concealment and fraud. The plaintiffs then began

this action and the defendant, in its answer, asserted the six affirmative defenses at issue. All six affirmative defenses allege that the plaintiffs made material misrepresentations in connection with their claim, and, therefore, that the policy is void under the "Concealment or Fraud" provision, which states: "2. Concealment or Fraud. This entire policy shall be void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance."

This provision is not clearly worded to encompass fraudulent claims for loss made under the policy after the policy becomes effective as well as misrepresentations in connection with the issuance of the policy. Unlike the standard provision required in fire policies by Insurance Law § 3404 (e), the provision at bar does not include the words "whether before or after a loss" or "in case of any fraud or false swearing by the insured relating thereto." The clause is ambiguous and should be construed to favor the insured (see, North Riv. Ins. Co. v Good Morning Farms, 105 AD2d 1095, appeal discontinued 65 NY2d 812). Accordingly, Trial Term properly dismissed each of the defendant's first six affirmative defenses, pursuant to CPLR 3211 (b), as being insufficient as a matter of law.

The plaintiffs' claim for punitive damages is defective in that it fails to allege facts to show that the defendant insurance company " 'in its dealings with the general public, had engaged in a fraudulent scheme evincing such "a high degree of moral turpitude and * * * such wanton dishonesty as to imply a criminal indifference to civil obligations" (Walker v. Sheldon, 10 N Y 2d 401, 405)' " (M.S.R. Assocs. v Consolidated Mut. Ins Co., 58 AD2d 858, 859). The plaintiffs allege no more than "an isolated transaction incident to an otherwise legitimate business" (Walker v Sheldon, supra, at 406). In addition, the plaintiffs' claim for severe mental and emotional distress was properly dismissed. It is well settled that damages for severe mental and emotional distress are not recoverable under circumstances such as are present at bar where the contract of insurance does not create a relationship out of which springs a duty to the plaintiff separate from the contract obligation (see, Korona v State Wide Ins. Co., 122 AD2d 120; Riffat v Continental Ins. Co., 104 AD2d 301).

Finally, disqualification of the defendant's attorney was properly denied. The defendant, an informed commercial client, declared that it did not intend to call as a witness the attorney who conducted the investigation of the claim, and on this record, his testimony was not necessary to the defendant's

case. Although the plaintiffs indicate that they intend to call the attorney, their "vague and conclusory" allegations do not satisfy their burden to show how the defendant would be prejudiced by the attorney's testimony *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 446; *Ocean-Clear, Inc. v Continental Cas. Co.,* 94 AD2d 717, 719). Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.