■ SABINA WEINREB, Respondent, v WOLF WEINREB et al., Appellants.

This action had its genesis in injuries sustained by Joseph Restivo, a porter employed in a building owned by the plaintiff, Sabina Weinreb, and the defendants, Wolf, Leon and Sarah Weinreb, in this action. Restivo had applied for workers' compensation, which was paid by Public Service Mutual Insurance Company (Public Service), defendants' compensation carrier. Several years later Restivo brought suit against the Weinrebs, both plaintiff and the defendants, alleging that their negligence had caused his injuries.

Pursuant to a premises liability insurance policy that had been issued to the Weinrebs, a policy which excluded any liability in regard to actions brought by an employee, Security Insurance Company of Hartford (Security) defended all the Weinrebs in the Restivo case. As Security acknowledged in a responsive affidavit to the motion for reargument or renewal, it defended the action without any disclaimer of coverage or, however worded, any reservation of its rights. The action was dismissed against Wolf, Leon and Sarah Weinreb, the defendants in this action, who had organized themselves as Weinreb Management Company, and in that capacity managed the building, and were accordingly found to have been Restivo's employer. A motion to dismiss the Restivo action against Sabina Weinreb was denied, the court finding that she played no role in the management of the building and accordingly was not an employer. After a jury trial, a judgment was thereafter entered against Sabina Weinreb on the issue of liability, which was then settled for $500,000 with interest and costs. On appeal, that judgment was affirmed. *(See, Restivo v Weinreb,* 113 AD2d 879.)

The instant action is a subrogation action for indemnification brought by Security in the name of Sabina Weinreb, in which Security seeks to be reimbursed for the payment it made in discharge of the judgment against Sabina Weinreb in the Restivo action. The theory of the lawsuit is that Sabina

Weinreb was entitled to indemnification from the other Weinrebs since they, as the managing group, were the active tortfeasors.

The defendants moved to dismiss the complaint, claiming that it violated the principle that an insurer may not be subrogated to a claim against its own insured. The IAS Judge denied the motion, reasoning that the defendants were not insureds with regard to the action resulting in the judgment against Sabina Weinreb because of the clause in the policy which excluded from its coverage actions by employees. The IAS court thereafter denied defendants' motion for reargument and renewal.

The facts developed in the record present an interesting variation of the sometimes troublesome issue presented where an insurer seeks to be subrogated against someone to whom it extended insurance coverage. *(Compare, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465; *Tishman Co. v Carney & Del Guidice,* 34 NY2d 941; *Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.,* 61 NY2d 569, *affg* 93 AD2d 337; *New York Bd. of Fire Underwriters v Trans Urban Constr. Co.,* 91 AD2d 115, *affd* 60 NY2d 912; *Chrysler Leasing Corp. v Public Adm'r, N. Y. County,* 85 AD2d 410.) A procedural impediment to reaching the merits of the issue is presented by the fact that it arises from a motion to dismiss for legal insufficiency a complaint that does not include a fact important to a determination of the merits of the issue, and in which the affidavit submitted on behalf of the plaintiff in response to affidavits submitted by defendants did not acknowledge that fact. It was only on the motion of the defendants for reargument or renewal that Security acknowledged in a responsive affidavit that it undertook in the Restivo action the defense of the defendants in this action, and solicited their cooperation, without informing them that Security reserved the right to seek subrogation against them in the event that the Restivo action resulted in a judgment only against Sabina Weinreb.

Although the IAS court had a reasonable basis for doubting the availability of either reargument or renewal, we think it appropriate to reach in the interest of judicial economy the issue presented by the entire record, including facts conceded by Security on the motion for reargument or renewal. We note that there is no suggestion in Security's appellate presentation that we should not so address the issues, and that Security also relied on facts developed on the motion for reargument or renewal.

The most authoritative and relevant discussion of the area of law with which we are concerned appears in the recent opinion of the Court of Appeals in *Pennsylvania Gen. Ins. Co. v Austin Powder Co. (supra)*. *Pennsylvania Gen.* involved a lease of a truck in which the lessor's insurance policy included the lessee as an insured, in which the lessee also had insurance covering the event that occurred, and in which the contractual arrangements between the parties provided that the lessee would indemnify the lessor for any loss that would occur during the operation of the truck during the lease. While the truck was being used by the lessee, and due to the negligence of its employee, an explosion occurred which resulted in property damage. An action against the lessor was settled by its insurer, which thereupon interposed a cross claim for indemnification against the lessee.

Affirming the dismissal of the action by the Appellate Division, the Court of Appeals said (68 NY2d, *supra*, at 471): "The insurer's right of subrogation, long recognized as a matter of equity, has traditionally been applied to claims against third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse * * * A third party, by definition, is one to whom the insurer owes no duty under the insurance policy through which its loss was incurred * * * On the other hand, it has often been said that an insurer may not be subrogated to a claim against its own insured, at least when the claim arises from an incident for which the insurer's policy covers that insured * * * Having considered the relevant authorities, we now conclude that the rule is a sound one. To allow the insurer's subrogation right to extend beyond third parties and to reach its own insured would permit an insurer, in effect, 'to pass the incidence of the loss * * * from itself to its own insured and thus avoid the coverage which its insured purchased' *(Home Ins. Co. v Pinski Bros.,* 160 Mont 219, 226, 500 P2d 945, 949 * * *)".

Explicitly rejecting an argument analogous to that presented by plaintiff's claim that Public Service's policy applied to the very kind of action with which we are concerned, the Court of Appeals said *(supra,* at 472): "[W]e are not persuaded by Bison Ford's argument that an exception to the rule should be created, because of the mere fortuity that Austin Powder had separate insurance covering the same loss and had expressly agreed to indemnify. Indeed, the public interest in assuring integrity of insurers' relations with their insureds and in averting even the potential for conflict of interest in

these situations must take precedence over the parties' private contractual arrangements."

Security's principal contention is that the rule set forth in *Pennsylvania Gen. Ins. Co. v Austin Powder Co. (supra)* is here inapplicable since the defendants were not insureds under Security's policy with regard to actions brought by an employee because of the clause excluding such actions from the scope of coverage. Security points to that language quoted above in *Pennsylvania Gen. Ins. Co.* in which the court describes the rule prohibiting subrogation against an insurance company's insured as applying "at least when the claim arises from an incident for which the insurer's policy covers that insured" *(supra,* at 471). In addition, Security relies upon the Court of Appeals decision in *Tishman Co. v Carney & Del Guidice* (34 NY2d 941, *supra),* in which subrogation was permitted to recover property damages sustained as the result of the negligence of an insured whose separate property was insured under the policy, but as to whom the insurance company had issued no liability policy. We think it unnecessary to determine here whether the principle set forth in *Tishman* would apply to the somewhat different situation presented here, in which an insurer seeks to recover a payment made to discharge a judgment in a liability action from others insured under the same policy on the theory that the action falls within an exclusion to the policy. It seems to us dispositive that Security undertook to defend the defendants in the Restivo action, and solicited their cooperation, without informing them it reserved the right to commence a subrogation action against them if the Restivo case should result as it did—a possibility that should have been apparent early in the Restivo litigation.

The situation presented clearly invokes the principle set forth in *Pennsylvania Gen. Ins. Co. (supra,* at 472), which gives primacy to "the public interest in assuring integrity of insurers' relations with their insureds and in averting even the potential for conflict of interest in these situations". *(See also, Chrysler Leasing Corp. v Public Adm'r, N. Y. County,* 85 AD2d 410, *supra.)* Concur—Sandler, J. P., Asch, Milonas, Rosenberger and Smith, JJ.