OPINION OF THE COURT
F. Warren Travers, J.
Defendant moves for summary judgment dismissing the complaint against him. Defendant asserts that as an insured, *848 plaintiff has no right of subrogation against him. Defendant contends that he may not be sued for exercising his business judgment. Plaintiff opposes the motion.
Donald G. Wheeler was, at the time of these events, president of Wheeler Brothers Brass Founders, Inc. (hereinafter corporation). A fire occurred on July 30, 1987 at the corporation’s place of business. Plaintiff paid a claim under a policy of insurance to the corporation in the sum of $209,442.19. Thereafter, plaintiff commenced this subrogation action against the defendant individually.
Defendant, on this motion, admits that while the corporation was closed for a two-week summer vacation, he was at the corporate premises working on a personal project. Defendant does not admit any responsibility for the cause of the fire that resulted in this subrogation claim. Defendant states that it was corporate policy to allow employees access to the corporate premises for personal projects. Defendant asserts that this was a business decision made to foster employee relations.
Defendant contends that he is an insured under the policy and the plaintiff has no subrogation rights against him. Defendant relies upon Pennsylvania Gen. Ins. Co. v Austin Powder Co. (68 NY2d 465) to support such legal position. The law is clear that an insured may not be sued by his own insurer for the loss for which the insured was to be covered. The court must now determine if the defendant is an insured under the policy issued to the corporation.
The comprehensive business policy lists only the corporation as a named insured. The defendant relies upon paragraph IIIF of the policy which states as follows: “The insured may apply up to the $2,500 to cover direct loss in any one occurrence by a peril insured against to personal effects while located on or within 100 feet of the designated premises, belonging to the insured, officers, directors, partners or employees.” (Emphasis added.)
Defendant contends that as a corporate officer, he, by this particular paragraph, is an insured under the policy. The court does not agree. This clause grants to defendant no direct claim for his personal loss. The clause permits the corporation at its option to apply a portion of the proceeds to reimburse employees and officers for loss of personal effects. The defendant is not an insured under the policy. The corporation exists as a separate entity apart from the defendant.
*849 Defendant contends he may not be sued for exercising his business judgment. The business decision was to allow employees access to corporate tools and machinery for personal projects. The complaint against defendant alleges negligence in the use of corporate tools, specifically an electrical grinder. The proximate cause of the fire is not the business decision. The complaint does state a cause of action against defendant.
Defendant’s motion to dismiss the complaint is denied, without costs.