■ Yorkville of Broadway Inc., Appellant-Respondent, v Allianz Insurance Company, Respondent-Appellant.—Order, Supreme Court, New York County (Martin B. Stecher, J.), entered February 24, 1989, which, *inter alia,* denied plaintiff's motion to strike defendant's affirmative defenses, unanimously modified, on the law, to dismiss the first affirmative defense, and except as thus modified, affirmed, without costs or disbursements.

In this action to recover $200,000 for water damage under a "Special Multi-Peril Policy", the defendant insurer asserted a first affirmative defense based on the "concealment/fraud" provision of the policy's standard fire policy endorsement. After expressly pleading that clause, defendant alleged specifically that plaintiff had submitted a sworn proof of loss setting forth a damage claim which "was grossly exaggerated and inflated to defraud defendant into making payment of a false and fraudulent claim." Contrary to the finding of the motion court in sustaining the first affirmative defense against plaintiff's motion to strike, the provisions of the standard fire policy endorsement do not apply to the loss herein, which was caused not by fire, as the court assumed, but by water. As the endorsement makes clear, its provisions apply to the multi-peril policy only when it covers "against loss or damage by fire, lightning or removal from premises endangered by fire or lightning". Thus, we modify to strike the first affirmative defense. In doing so, we need not reach plaintiff's alternative argument, namely, that the antifraud clause does not apply to fraud committed after the policy becomes effective. *(See, e.g., Fiore v State Farm Fire & Cas. Co.,* 135 AD2d 602, 603.)

We have examined the other contentions on these cross appeals and find that they are without merit. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.