■ Astoria Quality Drugs, Inc., Respondent, v United Pacific Insurance Company of New York, Appellant.— Judgment, Supreme Court, New York County (Myriam Altman, J.), entered on April 18, 1989, which, upon a jury verdict, awarded plaintiff $185,044 plus interest, costs and disbursements, reversed, on the law, defendant's second and third affirmative defenses reinstated, and the matter remanded for further proceedings consistent herewith, without costs.

Plaintiff insured, Astoria Quality Drugs, Inc. (Astoria), brought an action against defendant insurer, United Pacific Insurance Company of New York (United), seeking to recover for personal property loss and business interruption loss caused by a fire at Astoria's store on December 19, 1985. Because, as United correctly contends, the IAS court, by an intermediate order entered October 28, 1988, erroneously dismissed its second and third affirmative defenses, a new trial is required. (CPLR 5501 [a] [1].) These defenses, fraud in Astoria's proof of loss and false swearing in the examination under oath, respectively, were, in our view, properly raised. We do not agree with the dissenter, who would hold that the policy provision dealing with misrepresentation deals solely with misrepresentations made in connection with the issuance of the policy, i.e., fraud in the inducement before the loss and thus not with misrepresentations made after the loss.

In declining to affirm, we note that as a matter of public policy, an insured should not be permitted to recover as a result of fraudulent conduct, which said conduct may also constitute a crime. *(See,* Penal Law arts 176 [regarding insurance fraud], 210 [regarding perjury and related offenses].) Even an ambiguous clause should not be read to allow for criminal conduct; in this regard, we depart from the rationale of the Second Department *(Fiore v State Farm Fire & Cas. Co.,* 135 AD2d 602, 603 [2d Dept 1987]) and the Fourth Department *(North Riv. Ins. Co. v Good Morning Farms,* 105 AD2d 1095, 1096 [4th Dept 1984]). Concur—Murphy, P. J., Carro and Smith, JJ.

Asch and Ellerin, JJ., dissent in a memorandum by Asch, J., as follows: While the majority of this court would reverse the intermediate order of October 28, 1988, which granted plaintiff's motion to dismiss two affirmative defenses, and consequently also reverse the final judgment of the Supreme Court in favor of the plaintiff, I would affirm both the intermediate order and final judgment.

Plaintiff Astoria Quality Drugs, Inc.'s Queens store suffered damage in a December 19, 1985 fire, and plaintiff filed a claim for damage to contents and business interruption pursuant to a multi-peril policy issued by defendant insurer United Pacific Insurance Company of New York. When defendant refused to pay the claim, plaintiff commenced this action. Defendant's answer asserted affirmative defenses of, *inter alia,* fraud in the insured's proof of loss and false swearing in the insured's examination under oath.

The policy's general conditions provided, *inter alia:* "4. Concealment or Fraud. This policy is void if any insured has intentionally concealed any material fact or circumstance relating to this insurance."

The IAS court granted plaintiff's motion to dismiss the above two affirmative defenses, finding the above-quoted policy provision ambiguous and, therefore, to be interpreted in favor of the insured. Upon the trial, the IAS court instructed the jury that defendant had the burden of establishing its arson defense by clear and convincing evidence.

While early New York law appears to suggest that the insurer's burden of establishing the affirmative defense of arson may be met by a mere preponderance of the evidence *(see, Johnson v Agricultural Ins. Co.,* 25 Hun 251), I believe the better rule is that used by the IAS court and found by the Second Department to be the law of New York in arson cases which are a species of fraud *(Hutt v Lumbermens Mut. Cas. Co.,* 95 AD2d 255), requiring clear and convincing evidence in such a case (relying on *Simcuski v Saeli,* 44 NY2d 442, 452).

Further, I find that the IAS court in its intermediate order correctly granted plaintiff's motion to dismiss the second and third affirmative defenses. The provision in issue herein relating to misrepresentation can be read by the average insured to deal solely with misrepresentations made in connection with the issuance of the policy, i.e., for fraud in the inducement. However, both these latter two affirmative defenses deal with alleged misrepresentations made *after* the loss, i.e., fraudulent proof of loss and false swearing by the insured. Accordingly, since the clause is ambiguous, it was properly resolved in favor of the insured *(see, Fiore v State Farm Fire & Cas. Co.,* 135 AD2d 602; *North Riv. Ins. Co. v Good Morning Farms,* 105 AD2d 1095).