FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent, v DONALD G. WHEELER, Appellant.

Third Department, February 21, 1991

## APPEARANCES OF COUNSEL

*Donohue, Sabo, Varley & Armstrong, P. C. (Fred J. Hutchison* of counsel), for appellant.

*Bouck, Holloway, Kiernan & Casey (Mary Ann D. Allen* and *David J. Pollock* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

Defendant is the president of Wheeler Brothers Brass Founders, Inc., a closely held corporation which has been owned and operated as a brass foundry in the City of Troy, Rensselaer County, by several generations of defendant's family. At the pertinent time involved in this case, the corporation employed seven people. A fire occurred at the premises of the foundry on July 30, 1987. The corporation submitted a proof of loss to plaintiff, its insurer, under the fire insurance coverage provided in a comprehensive business insurance policy issued by plaintiff. The property portion of the policy covering, *inter alia,* fire loss provided that the insured could apply "up to $2,500 to cover direct loss * * * to personal effects while located on * * * the designated premises, belonging to * * * officers, directors, partners or employees". Defendant was specifically included as a named insured in the automobile liability portion of the policy. Also, the comprehensive general liability portion of the policy extended coverage as an additional insured to "any executive officer" of the corporation, while acting within the scope of that person's duties, for injury to person or to property not owned by the corporation.

Plaintiff settled and paid the corporation's fire loss claim for some $210,000 in November 1987. In accordance with its obligations as the named insured under the policy, the corporation executed a "SUBROGATION RECEIPT" subrogating plaintiff to all of its rights to recover for the loss "against any person or corporation" and agreeing "to cooperate fully" with plaintiff in the prosecution of such a claim. Defendant signed the instrument on behalf of the corporation. Plaintiff then commenced this action against defendant, alleging that the fire was caused by the negligent acts of defendant. After issue was joined, defendant moved for summary judgment dismissing the complaint, essentially on the ground that defendant, as an officer of the primary insured corporation, was also an insured under the policy and, therefore, subrogation by plaintiff against him was barred as a matter of law. Defendant appeals from the denial of his motion (145 Misc 2d 847).

■ There should be a reversal. In our view, the equitable principles and public policy considerations underlying the denial of any right of subrogation by an insurer against an additional insured under its policy, as set forth in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465), apply here sufficiently to bar plaintiff's claim. The Court of Appeals in *Pennsylvania Gen. Ins. Co.* characterized an insurer's attempt to recoup its payment to a primary insured from a person who is an additional insured under the same policy as an "unseemly result [which] would not be consistent with the equitable principles that govern subrogation claims" *(supra,* at 471). Subrogation by an insurer, the court noted, has traditionally applied to claims against "third parties" whose active wrongdoing caused the loss for which the insurer was required to indemnify its insured. The court pointed out, however, that "[a] third party, by definition, is *one to whom the insurer owes no duty under the insurance policy* through which its loss was incurred" *(supra,* at 471 [emphasis supplied]). Permitting recovery against an insured is inequitable because it "would permit an insurer, in effect, 'to pass the incidence of the loss * * * from itself to its own insured and thus avoid the coverage which its insured purchased' " *(supra,* at 471, quoting *Home Ins. Co. v Pinski Bros.,* 160 Mont 219, 226, 500 P2d 945, 949).

Another court described the same inequity, in a fire loss subrogation claim, as follows: "An overwhelming percentage of all insurable losses sustained because of fire can be directly traced to some act or acts of negligence. Were it not for the

errant human element, the hazards insured against would be greatly diminished. It is in full appreciation of these conditions that the property owner seeks insurance, and it is after painstaking analysis of them that the insurer fixes his premiums and issues the policies. It is in recognition of this practice that the law requires the insurer *to assume the risk of the negligence of the insured* and permits recovery by an insured whose negligence proximately caused the loss" *(Federal Ins. Co. v Tamiami Trail Tours,* 117 F2d 794, 796 [emphasis supplied]; *see also, Builders & Mfrs. Mut. Cas. Co. v Preferred Auto. Ins. Co.,* 118 F2d 118). Moreover, several authorities have concluded that the foregoing principle barring an insurer's subrogation against an insured may apply in claims against persons not named in the policy, because the relationship between the person and the insured makes it reasonable to infer that the insured paid the insurer to completely assume the risk of loss by the acts of that person. As stated in a major text on insurance law: "A person not named in an insurance policy is considered an insured for purposes of preventing subrogation when, under the circumstances, the insurer seeking subrogation is attempting, in effect, to recover from the insured on the risk the insurer had agreed to take upon payment of the premium" (6A Appleman, Insurance Law and Practice § 4055, at 77 [1990 Supp]). Thus, subrogation against the brother of a homeowner/insured was denied for a fire loss caused by the brother while a guest at the insured premises, the court stating: "It may be presumed that the insured bought this policy so that he would not have to look to his guest for payment in the event of damage caused by the negligent act of the guest. We are persuaded that the relationship which existed between the brothers in this case was such that * * * a right of subrogation * * * should not lie as a matter of law" *(Reeder v Reeder,* 217 Neb 120, 129, 348 NW2d 832, 837; *see, Cascade Trailer Ct. v Beeson,* 50 Wash App 678, 749 P2d 761).

In our view, the equities clearly favor defendant here. Defendant was an additional insured under the policy for up to $2,500 as to any fire loss of his personal effects at the insured premises. He was a named insured on the automobile liability coverage of the policy and would have been an insured had he somehow caused a fire at other premises while acting within the scope of his duties with the corporation. Thus, defendant can hardly be characterized as a "third party * * * to whom [plaintiff] owe[d] no duty under the insurance

policy through which its loss was incurred" *(Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 471, *supra).*

More importantly, plaintiff must be presumed to have known at the time the policy was issued of the nature of defendant's relationship to the insured, i.e., president and principal shareholder of a closely held corporation. Had defendant operated the foundry as a single proprietorship or partnership, undoubtedly he would have been a named insured against whom the subrogation claim made here would not lie. Having agreed to insure the business enterprise here in a corporate form, plaintiff certainly is charged with awareness that the entity it insured could only act through its officers and employees. If subrogation against a *corporate* insured is ever to be barred under the doctrine that an insurer completely assumes the risk of a fire loss due to the negligence of the insured, at the very least the risk assumed must extend to the negligence of a corporate officer of the insured, thus barring plaintiff's claim in the instant case.

■ The alternative equitable and public policy rationale for the denial of subrogation against an insured cited in *Pennsylvania Gen. Ins. Co.* is also applicable here, namely, "the public interest in assuring integrity of insurers' relations with their insureds and in averting even the potential for conflict of interest in these situations" *(supra,* at 472). The insurance policy imposed the obligation on the insured, on a fire loss claim, to "submit to examination under oath" and to furnish a sworn statement of loss setting forth, *inter alia,* the "cause of loss". And as already noted, the policy required the named corporate insured to subrogate any claim for the loss it might have against another person and to do whatever else was necessary to secure plaintiff's right of recovery. Again, because the insured here is a closely held corporation essentially operated by defendant, it was defendant upon whom devolved the corporate insured's duties of full disclosure to plaintiff of the circumstances giving rise to the loss and of cooperation with respect to any subrogated right of recovery on behalf of plaintiff. Intentional suppression or distortion of material facts by defendant as a corporate officer in dealing with plaintiff could have resulted in the forfeiture of the corporation's rights under the policy *(see, Seawide Fish Mkt. v New York Prop. Ins. Underwriting Assn.,* 111 AD2d 137, 138; *Kantor Silk Mills v Century Ins. Co.,* 223 App Div 387, 388, *affd* 253 NY 584).

Thus, defendant, as the principal officer of the named

insured corporation and with which he presumably is fully united in economic interest, has been placed in the dilemma of having to furnish the necessary information and to fully cooperate in plaintiff's efforts to recover the loss from him personally or forfeit his corporation's policy right to indemnity for the loss. We conclude that the compromise of the integrity of the insurer's relationship with its insured and the potential conflict of interest inherent in this dilemma forced upon defendant by plaintiff require denial of plaintiff's right of subrogation here *(see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra; Chrysler Leasing Corp. v Public Adm'r, N. Y. County,* 85 AD2d 410, 414; *see also, Weinreb v Weinreb,* 140 AD2d 226).

WEISS, J. P., MIKOLL, MERCURE and HARVEY, JJ., concur.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.