Craig C. COLLINS, et al., Respondents,

v.

USAA PROPERTY AND CASUALTY
INSURANCE COMPANY,
Appellant.

No. C7–98–63.

Court of Appeals of Minnesota.

June 16, 1998.

Steven H. Bolton, Bolton Law Office, Park Rapids, for respondents.

Eric A. Nerness, Lind, Jensen & Sullivan, P.A., Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and PETERSON and FOLEY,* JJ.

## OPINION

LANSING, Judge.

USAA Property and Casualty Company denied Craig and Joanne Collins' (collectively Collins) claims for property loss. In Collins' breach-of-contract action against USAA, the jury returned a special verdict finding Collins concealed or misrepresented material facts or circumstances concerning the losses. The district court ruled that the misrepresentations voided their personal property claims, but awarded a judgment of $69,600 plus costs and disbursements for the loss of the building. USAA appeals from the judgment.

## FACTS

Craig and Joanne Collins were insured under a USAA property and casualty insurance policy. On May 28, 1995, Collins discovered that the building had been broken into and personal property and dwelling fixtures had been removed. A few days later, on June 6, 1995, the building was completely destroyed by fire.

Collins submitted sworn statements in proof of loss dated June 26, 1996—one for losses from the break-in and one for losses from the fire. USAA denied the claims, and Collins brought this breach of contract action. The jury found that the personal prop-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

erty losses from the fire amounted to $3,000 rather than the more than $30,000 listed in Collins' sworn loss statements. The jury further found that Collins misrepresented the personal property losses in both the May 1995 theft and June 1995 fire, with the intent and purpose of deceiving USAA of material facts and circumstances.

Based on the insurance policy and the Minnesota standard fire insurance policy set forth in Minn.Stat. § 65A.01, subd. 3 (1994), the district court declared that the misrepresentations voided Collins' claim for loss of personal property from the theft and the fire but not for the building. Relying on Minn. Stat. § 65A.08 (1994), Minnesota's Valued Policy Law, the district court entered judgment for $69,600 plus costs and disbursements for loss of the building.

In a rule 60 motion, USAA argued that the district court's judgment on the building loss contravened the insurance policy, Minnesota Standard Fire Insurance Policy provisions, and the Minnesota Valued Policy Law. USAA appeals the denial of its motion.

### ISSUE

Did the district court err in determining that the intentional material representations of personal property loss after the June 1995 fire voided coverage for personal property but not the building loss caused by the same fire?

### ANALYSIS

■ Interpretation of an insurance policy and its application to the facts of the case are both questions of law, reviewed de novo. *Watson v. United Services Auto. Ass'n.,* 566 N.W.2d 683, 688 (Minn.1997). The jury found that Collins willfully, and with intent to defraud, concealed a material fact about their insurance coverage both on their claims for the 1995 theft and the property loss for the 1995 fire. The question presented for our review is whether that finding, not challenged on appeal, voids coverage not only for the property loss itself but also for the loss to the building.

The insurance contract between USAA and Collins contains the following Minnesota Special Provisions:

**SECTIONS I AND II—CONDITIONS**

2. Concealment or Fraud. The entire policy will be void if an insured has:

a. before a loss, willfully; or

b. after a loss, willfully and with intent to defraud;

concealed or misrepresented any material fact or circumstance relating to this insurance.

Form HO–MN, Ed. 5–91. This provision is consistent with a similar provision in the Minnesota Standard Fire Insurance Policy that reads as follows:

This entire policy shall be void if, whether before a loss, the insured has willfully, or after a loss, the insured has willfully and with intent to defraud, concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interests of the insured therein.

Minn.Stat. § 65A.01, subd. 3.

Based on this language, USAA asserts that because Collins made false claims with respect to personal property, the policy is void for all purposes. *See Hamberg v. St. Paul Fire & Marine Ins. Co.,* 68 Minn. 335, 339, 71 N.W. 388, 389 (1897) ("willful false swearing" as to any material article of insurance policy prevents insured from recovering under whole policy); *see also Bahr v. Union Fire Ins. Co.,* 167 Minn. 479, 481, 209 N.W. 490, 491 (1926) ("any attempt to defraud the insurer by the insured voids the policy, even though that attempt be abortive, or did not influence * * * the insurer").

The district court concluded that Collins' misrepresentations voided coverage for personal property losses resulting from the break-in and the fire, but analyzed their claim for the building loss separately. Relying on *National Surety Corp. v. Michigan Fire & Marine Ins. Co.,* the court determined that Collins' right to recover for the building loss vested on the day it burned down. 59 F.Supp. 493, 498 (D.Minn.1944), *aff'd sub nom Michigan Fire & Marine Ins. Co. v. National Surety Corp.,* 156 F.2d 329,

333 (8th Cir.1946). Consequently, the district court reasoned, Collins' subsequent misrepresentations of their personal property losses did not affect Collins' vested right to recover for loss of the dwelling. *See id.* (because insured party's rights under Minnesota's standard fire insurance policy mature at time of loss, fraud as to second, unrelated claim cannot be retroactively applied to void coverage for first loss). The court concluded that Collins was entitled to the full insurance value of the building because the jury affirmatively found the fire was not intentionally set, that Collins had not misrepresented the building loss, and the amount of the building loss was predetermined by the amount stated in the policy. The court applied Minnesota's Valued Policy Law to enter a judgment of $69,600 as a matter of law. *See* Minn.Stat. § 65A.08 (in absence of intentional fraud, insurer shall pay whole amount mentioned in policy or renewal in case of total loss).

We agree that *National Surety Corp.* interpreted a fraud provision much like the provision at issue between Collins and USAA. *See* 59 F.Supp. at 497 ("The policy shall be void * * * if the insured shall make any attempt to defraud the company either before or after the loss."). But the claims are factually and legally distinguishable. Unlike *National Surety Corp.*, involving three *separate* claims—two legitimate and one for a fire that was set intentionally—this appeal centers on a single claim for *all* losses incurred during the June 6, 1995, fire. The front page of the sworn statement of proof of loss lists the predetermined policy limit for the building loss, and the next 19 pages contain an exhaustive list of alleged personal property losses from the same fire. In these pages, Collins claims personal property losses of more than $30,000 that the jury determined to be only $3,000. Collins did not and could not misrepresent the value of the building, because it was established by the terms of the policy. But the building loss is part of the same claim as the fraudulent fire loss because the claims arose from the same fire.

The holding in *National Surety Corp.* would allow the claims from Collins' theft and fire, occurring on two different dates, to be treated separately, and the fraudulent submissions on the theft would not void coverage for the loss of the building by fire. *See id.* (three losses triggered by separate events). But the reasoning of *National Surety Corp.* does not extend to Collins' indivisible claim for property loss in the June 1995 fire.

▮ Similarly, we do not think it is legally significant that Collins' misrepresentations occurred more than one year after the fire. The same fire triggered both claims and it would not be reasonable to conclude that the personal property claims vested *after* the fire, even though the *building* loss claim vested on the date of the fire. As *National Surety Corp.* points out, the critical issue is not whether the misrepresentation occurred after the loss vested, but whether the misrepresentations *affected the enforcement of vested rights.* 59 F.Supp. at 499.

We recognize that the district court's interpretation avoided what might be perceived as a harsh result. But voiding the policy for material misrepresentations of substantive amounts is consistent with the reciprocal duties of the insured to its insurer and is also consistent with the holdings of the majority of jurisdictions that have addressed this issue. *See, e.g., Folk v. National Ben Franklin Ins. Co.,* 45 Ill.App.3d 595, 4 Ill.Dec. 104, 107, 359 N.E.2d 1056, 1059 (1976) (plaintiff who "knowingly and willfully made false statements and through omission concealed material facts with intent to defraud" not entitled to recover damages for fire loss); *Astoria Quality Drugs, Inc. v. United Pacific Ins. Co. of New York,* 163 A.D.2d 82, 557 N.Y.S.2d 339, 340 (1990) (public policy prohibits insured from recovering for fraudulent conduct); *Seawide Fish Market, Inc. v. New York Property Ins. Underwriting Ass'n,* 111 A.D.2d 137, 489 N.Y.S.2d 516, 516–17 (1985) (plaintiff's submission of fraudulent documents in support of claim voided entire policy); *McConkey v. Continental Ins. Co.,* 713 S.W.2d 901, 906 (Tenn.App.1984) (material misrepresentations as to loss of clothing, frozen beef, and washcloths and towels voided any claim under insurance policy); *Mutual of Enumclaw Ins. Co. v. Cox,* 110 Wash.2d 643, 757 P.2d 499, 502 (1988) (material fraud as to personal property losses resulting from fire

voided entire policy so that insured was not entitled to any recovery). *But see Johnson v. South State Ins. Co.*, 288 S.C. 239, 341 S.E.2d 793, 794–95 (1986) (fraud as to contents of house does not void recovery for loss of dwelling and additional living expenses, even though "[a]n overwhelming majority of jurisdictions hold that any fraud or misrepresentation as to any portion of property under an insurance policy voids the whole policy"); *Northern Security Ins. Co. v. Hatch*, 165 Vt. 383, 683 A.2d 392, 396 (1996) (recognizing that majority of decisions give effect to concealment and fraud conditions to void entire policy but declining to apply where policy language is ambiguous).

Accordingly, we also conclude the district court erred in determining that Collins was a prevailing party under Minn.Stat. § 549.04 (1996).

### DECISION

Collins' misrepresentations of the value of personal property lost in the fire related to all right to recover on the policy, including coverage for the building loss. We reverse the judgment of $69,600 and the determination that Collins was a prevailing party under Minn.Stat. § 549.04 (1996).

**Reversed.**