■ AETNA CASUALTY & SURETY COMPANY, Appellant, v

GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent. [613 NYS2d 904] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered December 22, 1992, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment, unanimously affirmed, with costs.

Plaintiff-appellant Aetna Casualty & Surety Company ("Aetna") is the liability insurer of Trio Drug Corporation ("Trio"), the employer of Martin Drasin, who was injured on premises which 58 Realopp Corporation ("Realopp") leased to Trio. When the employee Drasin sued Realopp to recover for his injuries, Trio was brought in as a third-party defendant. Since the lessor Realopp was an additional insured under Trio's liability policy with Aetna, Aetna undertook the representation, by separate counsel, of both Realopp and Trio in the *Drasin* action, which was settled prior to trial. Thereafter, Aetna commenced the instant suit against Greater New York Mutual Insurance Company ("Greater New York"), Trio's workers' compensation carrier, seeking contribution from Greater New York of fifty per cent of the amount that Aetna had paid in settlement of Drasin's action.

While appellant seeks to characterize this action as merely one between insurers and not involving the insured, and argues for the first time on appeal that other defendants in the *Drasin* action, insured by another carrier, also asserted third-party indemnity claims against Trio, the inescapable fact remains that the only action to which Aetna may be subrogated is that of its insured Realopp by way of a cause of action for common law indemnity against Trio, also its insured. The policy considerations underlying the antisubrogation rule *(see, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281, 294-296), apply here and preclude the assertion of such subrogated claim arising from the very same risk for which the insurer, Aetna, covered and provided legal representation for both Realopp, the lessor, and Trio, the employer-lessee. Such double representation created the potential conflict of interest against which *North Star* warned, and was, as the IAS Court stated, an improper subrogation that could have resulted in dismissal of the lessor-additional insured's third-party action against the lessee-insured had the underlying action not been settled *(Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465). In the absence of the common law indemnity claim against Trio, which it is barred from asserting, Aetna has no other independent basis upon which it can proceed

against Greater New York, as Trio's workers' compensation carrier, for contribution. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.