■ AVALANCHE WRECKING CORP. et al., Respondents, v NEW YORK STATE INSURANCE FUND, Appellant, et al., Defendants. [621 NYS2d 74] —Order of the Supreme Court, New York County (Ira Gammerman, J.), entered March 15, 1994, which denied the motion by defendant, the New York State Insurance Fund, for summary judgment dismissing the complaint

as against it, is unanimously reversed, on the law, without costs or disbursements, and the motion granted.

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. (National Union), issued a liability policy to plaintiff Avalanche Wrecking Corp. (Avalanche), insuring it and, as an additional insured, defendant Republic National Bank of New York, which had retained Avalanche to perform demolition work. Defendant New York State Insurance Fund (State Fund) issued a workers' compensation and employer's liability policy to Avalanche.

Two employees of Avalanche were injured on the job and began actions against Republic and another construction contractor. National Union assumed the defense of Republic. This defense included the institution in both actions of third-party suits against Avalanche for contribution and indemnification. National, as Avalanche's insurer, also retained counsel for Avalanche in these third-party actions. After a joint trial, the jury returned a verdict for plaintiffs in excess of two million dollars, and apportioned liability at 10% for Republic and 55% for Avalanche (and the remaining 35% against the other contractor). National Union settled the action for a total of $2,050,000 and paid 65% of that amount on behalf of Republic and Avalanche. It then brought this declaratory judgment action seeking a declaration that State Fund is obligated to reimburse National Union for the costs incurred in the defense and for damages arising out of the State Fund's alleged failure to fulfill its contractual obligation to Avalanche to defend in those actions. The IAS Court denied the State Fund's motion for summary judgment. We reverse and grant that motion.

In *Aetna Cas. & Sur. Co. v Greater N. Y. Mut. Ins. Co.* (205 AD2d 433), recently decided by this Court, plaintiff Aetna was the liability insurer of Trio Drug Corporation which employed one Drasin, who was injured on premises leased to Trio by Realopp, an additional insured, under Trio's policy with Aetna. Aetna undertook the representation by separate counsel of both Trio and Realopp in the *Drasin* action, which was settled prior to trial and, thereafter, commenced a declaratory judgment action against Greater New York Mutual Insurance Company, Trio's workers' compensation carrier, seeking a 50% contribution toward the settlement.

We denied such recovery holding, *inter alia:* "While appellant seeks to characterize this action as merely one between insurers and not involving the insured * * * the inescapable

fact remains that the only action to which Aetna may be subrogated is that of its insured Realopp by way of a cause of action for common law indemnity against Trio, also its insured. The policy considerations underlying the antisubrogation rule *(see, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294-296)*, apply here and preclude the assertion of such subrogated claim arising from the very same risk for which the insurer, Aetna, covered and provided legal representation for both Realopp, the lessor, and Trio, the employer-lessee. Such double representation created the potential conflict of interest against which *North Star* warned, and was, as the IAS Court stated, an improper subrogation that could have resulted in dismissal of the lessor-additional insured's third-party action against the lessee-insured had the underlying action not been settled *(Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465)*. In the absence of the common law indemnity claim against Trio, which it is barred from asserting, Aetna has no other independent basis upon which it can proceed against Greater New York, as Trio's workers' compensation carrier, for contribution." *(Aetna Cas. & Sur. Co. v Greater N. Y. Mut. Ins. Co., supra,* at 434-435).

Similarly, National Union, in the present action, has no independent basis upon which it can proceed against the State Fund, as Avalanche's compensation carrier. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.