■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PA., Respondent, v STATE INSURANCE FUND, Appellant. [623 NYS2d 558] —Order, Supreme Court, New York County (Stephen G. Crane, J.), entered January 13, 1994, which denied the defendant-appellant's motion, pursuant to CPLR 3212, for summary judgment dismissing the complaint and granted the plaintiff-respondent's cross-motion for summary judgment on the first and third causes of action, directed entry of a judgment in plaintiff-respondent's favor and declared that plaintiff-respondent is entitled to 50% of all attorney's fees and defense costs incurred in the defense of the underlying action and declared that an assessment hearing be held to determine the amount of said fees and costs, unanimously reversed on the law, with costs, and the complaint is dismissed.

Plaintiff-respondent, National Union Fire Insurance Company of Pittsburgh, Pa. (National) commenced this declaratory

judgment action seeking a declaration that the defendant-appellant is the co-insurer of Casolino Interior Demolition, Inc. (Casolino) the third party defendant in the underlying personal injury action, and indemnity payments for sums plaintiff-respondent incurred in defending Casolino. The underlying personal injury action was commenced by an employee of Casolino, who sustained injuries while working at the Port Authority Bus Terminal. The employee sued The Port Authority of New York and New Jersey and CGR Construction Corp., the general contractor, alleging negligent maintenance, operation and control of the premises where he was injured.

There is no question that on the date of the abovesaid accident, plaintiff-respondent National was the insurer of The Port Authority, CGR Construction Corp., and Casolino pursuant to the terms of single "wrap-around" policy effective January 1, 1982. The defendant-appellant State Insurance Fund was the Workers' Compensation insurer for Casolino. After National assumed the defense of The Port Authority and CGR Construction Corp. and interposed an answer denying the material allegations of the complaint, a third-party action was commenced against Casolino in which the main defendants asserted claims for contribution and indemnification. Plaintiff, with the knowledge of the defendant-appellant State Insurance Fund, then assumed Casolino's defense and assigned separate independent counsel to represent Casolino as third-party defendant. The personal injury action was settled.

Pursuant to the settlement agreement plaintiff-respondent National agreed to pay 40% of the total settlement amount on behalf of the main defendants in that action. National also paid the proportionate share of the settlement attributable to Casolino. An attorney for the defendant-appellant State Insurance Fund was present in court when the underlying personal injury action was settled, and consented to and approved of the settlement agreement.

While plaintiff-respondent contends that the antisubrogation rule *(see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465; North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281)* is not applicable in this matter since the underlying liabilities were determined in the settlement agreement, it is apparent that the only action to which National may be subrogated is that asserted by its insureds, The Port Authority and CGR Construction Corp., for contribution and contractual indemnification against Casolino, who

was also plaintiff-respondent National's insured. The case of *Avalanche Wrecking Corp. v New York State Ins. Fund* (211 AD2d 551), recently decided by this Court is on point, and holds that the third-party claim, asserted by National herein, is prohibited, even where there has been a settlement of the underlying action setting the liability of the parties *(also see, Aetna Cas. & Sur. Co. v Greater N. Y. Mut. Ins. Co.,* 205 AD2d 433). Just as in *Avalanche Wrecking Corp. v New York State Ins. Fund (supra)* and *Aetna Cas. & Sur. Co. v Greater N. Y. Mut. Ins. Co. (supra),* the policy considerations underlying the antisubrogation rule *(see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra; North Star Reins. Corp. v Continental Ins. Co., supra)* apply here and preclude the assertion of the subrogated claim arising from the very same risk for which the insurer, National, covered and provided legal representation for both third-party plaintiffs and the third-party defendant. The double representation involved herein created the potential conflict of interest spoken of in *North Star (supra);* it was improper and would have resulted in the dismissal of the third-party action, had the underlying personal injury action not been settled *(Aetna Cas. & Sur. Co. v Greater N. Y. Mut. Ins. Co., supra).*

The plaintiff-respondent's contention that the defendant's consent to the settlement and its failure to seek dismissal of the third-party action preclude application of the antisubrogation rule to this matter is meritless. Review of the record clearly shows that the defendant reserved its contention that it was not obligated to pay contribution funds to the plaintiff and that the defendant's counsel merely consented to the fact that the amount of money paid to settle the action was reasonable *(compare, Aetna Cas. & Sur. Co. v Greater N. Y. Mut. Ins. Co., supra).*

We have reviewed the other arguments raised by the plaintiff-respondent and find them to be meritless. Concur— Wallach, J. P., Rubin, Ross, Asch and Mazzarelli, JJ.