■ ROBERT LARSON, Plaintiff, v CITY OF NEW YORK et al., Defendants. NAB CONSTRUCTION CORP., Third-Party Plaintiff-Respondent, v SIMPSON METAL INDUSTRIES, INC., Third-Party Defendant-Appellant. [625 NYS2d 898] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about January 7, 1994, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs.

As the employee exclusion in the National Union insurance policy clearly bars coverage of Simpson Metal's employee's alleged on-the-job injuries (plaintiff Larson), the anti-subrogation rule does not apply here. *(See, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281, 296.) We also note that there is insufficient evidence in the record to demonstrate that NAB Construction and Simpson Metal are "united in interest" and that a potential conflict of interest exists between them to warrant a disregard of their separate corporate identities. *(See, Meshel v Resorts Intl.,* 160 AD2d 211, 213; *and cf., Fireman's Ins. Co. v Wheeler,* 165 AD2d 141.)

We have considered all other claims and find them to be meritless. Concur—Murphy, P. J., Rubin, Asch and Mazzarelli, JJ