■ ANDREW J. HAILEY, Plaintiff, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Defendant and Third-Party Plaintiff-Appellant. LIVINGSTON MECHANICAL CONTRACTORS, INC., Third-Party Defendant-Respondent. [626 NYS2d 912] —Order unanimously affirmed with costs. Memorandum: Plaintiff commenced this action against defendant, New York State Electric & Gas Corporation (NYSE&G), for injuries sustained in an industrial accident at NYSE&G's power plant. NYSE&G impleaded Livingston Mechanical Contractors, Inc. (Livingston), plaintiff's employer. The construction contract between NYSE&G and Livingston contained a standard indemnification provision running in favor of NYSE&G and against Livingston. Further, the contract required Livingston to maintain liability insurance and to cause NYSE&G to be named as an additional insured on such policy. The policy issued by the insurer, Kemper, to Livingston and NYSE&G expressly excluded from coverage claims for bodily injury to an employee of the insured, and further provided that the exclusion applied "[w]hether the insured may be liable as an employer or in any other capacity; and * * * [t]o any obligation to share damages with or repay someone else who must pay damages because of the injury." However, an exception to the exclusion provided that it did not apply to liability assumed by the insured under an "insured contract," expressly defined to mean an agreement under which the insured contractually assumed the "tort liability of another to pay damages because of 'bodily injury' * * * to a third person". The effect of the exclusion and the exception thereto is to deny coverage for claims for contribution and common-law indemnification while covering the insured for claims for contractual indemnification, an interpretation conceded by Kemper.

Following suit by plaintiff, counsel assigned by Kemper interposed a third-party complaint on behalf of NYSE&G against Livingston, alleging Livingston's liability on theories of common-law and contractual indemnification. Kemper assigned counsel to defend Livingston on the third-party complaint. Thereafter, Livingston moved for summary judgment dismissing the third-party complaint on the ground that it was barred by the antisubrogation rule. The court granted Livingston's motion dismissing the third-party complaint in its entirety on that ground, and NYSE&G appeals.

We conclude that the third-party complaint is barred by the antisubrogation rule. The antisubrogation rule is a limitation upon a carrier's right of subrogation in those instances in which the subrogee and the third party are both insureds of that carrier on the same claim (see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 471). The rule is based in part on the potential for conflict of interest inherent in those situations (see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra, at 472), and is designed to prevent the insurer from passing the incidence of loss to its own insured (see, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294). In interposing the third-party complaint on behalf of NYSE&G against Livingston, Kemper impermissibly was seeking to be subrogated to NYSE&G's claim against Livingston. The exception to the policy exclusion, which covers claims for contractual indemnification, obligates Kemper to defend and indemnify Livingston on the "same claim" that the insurer asserts on behalf of NYSE&G (Prince v City of New York, 189 AD2d 33, 37, affd 82 NY2d 281; see also, Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra). (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.