■ KIMBERLY A. DANNHAUSER, Plaintiff, v COUNTY OF SUFFOLK, Defendant and Third-Party Plaintiff, and JAY DEE TOMFOR TRANSPORTATION, Defendant and Third-Party Plaintiff-Respondent. DRIFTWOOD DAY CAMP, INC., Third-Party Defendant-Appellant. [628 NYS2d 968] —In an action to recover damages for personal injuries, Driftwood Day Camp, Inc., appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated April 9, 1993, which denied its motion for summary judgment dismissing the second third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the County of Suffolk and Jay Dee Tomfor Transportation (hereinafter Jay Dee) based on injuries she sustained while driving on a County road. The plaintiff was driving a minibus leased by her employer, Driftwood Day Camp, Inc. (hereinafter Driftwood), from Jay Dee. The accident occurred during the course of the plaintiff's employment with Driftwood. Jay Dee brought this third-party action impleading Driftwood, and Driftwood moved to dismiss the third-party complaint asserting that it was an impermissible subrogation since Jay Dee was represented by the insurance carrier from which Driftwood had procured business automobile liability insurance naming Jay Dee as an additional insured as required by its lease with Jay Dee.

The Supreme Court properly found that the common-law antisubrogation doctrine, which bars an insurer from maintaining an action against its own insured, was inapplicable to the contribution claims asserted against Driftwood by Jay Dee (see, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294; Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 468). The insurance policy plainly excludes coverage for bodily injury to the insured's employees arising out of and in the course of their employment. Since the plaintiff's personal injury claim was not a risk for which Driftwood was covered under the policy, Jay Dee and Driftwood are not mutual insureds, and the antisubrogation rule does not apply. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.