■ ANDREW MCGURRAN, Plaintiff, v DICANIO PLANNED DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Appellant. DICANIO RESIDENTIAL COMMUNITIES CORP., Third-Party Defendant-Respondent. [628 NYS2d 773] —In an action to recover damages for personal injuries, DiCanio Planned Development Corp. appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated September 28, 1993, which granted the motion of DiCanio Residential Communities Corp. to dismiss its third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the third-party complaint is reinstated.

The issue presented on this appeal is whether the common-law antisubrogation rule precludes the General Accident Insurance Company (hereinafter General Accident), as subrogee of the defendant DiCanio Planned Development Corp. (hereinafter DPD), from seeking indemnification from the third-party defendant DiCanio Residential Communities Corp. (hereinafter DRC).

On October 17, 1986, a DRC employee was injured while working at a construction site owned by DPD. After DPD was sued by the injured worker, it commenced a third-party action

for indemnification against DRC. Significantly, both DPD and DRC were "additional named insured's" under a multi-peril, general liability policy issued by General Accident to the "DiCanio Organization et al.", which is the parent company of both DPD and DRC. The insurance policy enumerated a number of exclusions from coverage, including one for bodily injury to an employee. Specifically, this exclusion states:

"This insurance does not apply * * *

"(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury."

In addition to the General Accident policy, DRC was insured by the State Insurance Fund, its workers' compensation carrier. It is undisputed that the State Insurance Fund has defended DRC throughout this litigation.

The underlying personal injury action against DPD was settled prior to trial for the total sum of $176,991.24, an amount paid entirely by General Accident. Thereafter, DRC moved to dismiss the third-party action for indemnification on the ground that the antisubrogation rule precluded General Accident, the true party in interest, from subrogating to a claim against its own insured. The Supreme Court granted DRC's motion, holding that the public policy considerations underlying the antisubrogation rule mandated dismissal. We now reverse and deny DRC's motion to dismiss.

Pursuant to the common-law antisubrogation rule, an insurer "has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294; see also, Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 468). Underlying this rule are two public policy concerns which have been expressly cited by the Court of Appeals in enunciating the rule: (1) an insurer should not be able to pass its loss to its own insured and thus avoid the coverage which its insured had purchased, and (2) an insurer should not be placed in a situation where there exists a potential conflict of interest, such as where the insurer could "fashion the litigation so as to minimize its liability", thereby possibly effecting the insurer's incentive to provide a vigorous defense for one of its insureds (North Star Reins. Corp. v Continental Ins. Co., supra, at 296; see also, Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra, at 471-472).

Within the context of this case, the critical issue in ascertaining whether the antisubrogation rule applies is whether the

General Accident policy covers both DPD and DRC for the damages arising out of the subject accident *(see, e.g., State of New York v U.W. Marx Inc.,* 209 AD2d 784; *Rosato v Koch Erecting Co.,* 865 F Supp 104, 108). The General Accident policy does not insure both DPD and DRC for the specific claims raised by the plaintiff in the underlying personal injury action. That is, in light of the exclusion quoted above, DRC is not covered by the General Accident policy for claims raised by its employees for bodily injuries sustained in the course of their employment, and it is not covered for any obligation to indemnify another because of damages arising out of such injury. DRC had obtained a separate workers' compensation policy to cover this risk. Since General Accident, the true party in interest, is not seeking indemnity from DRC "for a claim arising from the very risk for which the insured was covered" by General Accident *(North Star Reins. Corp. v Continental Ins. Co., supra,* 82 NY2d, at 294), we conclude that it is not barred from maintaining this indemnification action by operation of the antisubrogation rule *(see, North Star Reins. Corp. v Continental Ins. Co., supra,* at 296; *State of New York v U.W. Marx Inc., supra; Rosato v Koch Erecting Co., supra,* at 108-109).

Contrary to the Supreme Court's determination, the public policy considerations underlying the antisubrogation rule are not violated by this conclusion. Since the General Accident policy did not cover DRC for any damages which it may have sustained as the result of the plaintiff's injuries, General Accident is not seeking to pass the incidence of its loss to its insured DRC and thus avoid the coverage which its insured purchased *(see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra,* 68 NY2d, at 471). Further, since General Accident was not obligated to defend DRC against the plaintiff or the third-party plaintiff, and did not undertake such defense, there never arose any potential conflict of interest *(see, North Star Reins. Corp. v Continental Ins. Co., supra,* at 295-296; *Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra,* at 472; *cf., National Union Fire Ins. Co. v State Ins. Fund,* 213 AD2d 164; *cf., Avalanche Wrecking Corp. v New York State Ins. Fund,* 211 AD2d 551; *cf., Weinreb v Weinreb,* 140 AD2d 226).

We have examined the contentions raised by DRC on appeal and find them unpersuasive. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.