■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Appellant, v STATE INSURANCE FUND, Respondent. [636 NYS2d 31] —Order and judgment (one paper) of the Supreme Court, New York County (Stephen G. Crane, J.), entered on or about January 13, 1995, which denied plaintiff's motion for summary judgment, and which, upon searching the record, granted summary judgment to defendant and declared that The State Insurance Fund ("SIF") is not obligated to reimburse plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") for any of the monies it expended defending its insured, subcontractor Regional Scaffolding and Hoisting Co., Inc. ("Regional Scaffolding"), as a third-party defendant in the underlying personal injury action, unanimously reversed on the law, the motion for summary judgment granted to plaintiff National Union to the extent of declaring that The State Insurance Fund has a duty to reimburse National Union for one-half of the reasonable settlement and defense costs paid by National Union on behalf of Regional Scaffolding as determined at an "immediate trial" pursuant to CPLR 3212 (c).

In 1986, after he was injured while working as an employee of subcontractor Regional Scaffolding, John Keappock sued the owners of the construction site and the general contractor,

Turner Construction Company ("Turner"). Turner was insured pursuant to a comprehensive general liability policy issued by Liberty Mutual Insurance Co. ("Liberty Mutual"). Additionally, as required by the terms of the subcontract between Turner and Regional Scaffolding, a comprehensive general liability policy had been purchased from National Union that named Regional Scaffolding as the insured, and Turner as an additional insured. Regional Scaffolding also had a separate workers' compensation and employer's liability policy issued by SIF. This policy specifically excluded coverage for any liability that the insured (Regional Scaffolding) contractually assumed.

In the underlying action, Liberty Mutual retained defense counsel for its insured, Turner, the general contractor. This counsel eventually commenced a third-party action against Regional Scaffolding, the subcontractor, naming Turner as the third-party plaintiff. Regional Scaffolding was defended by counsel retained by National Union. Shortly after commencement of the third-party action, National Union notified SIF that, in its view, the two were co-insurers for any liability ultimately imposed upon Regional Scaffolding as third-party defendant. Although it admitted the existence of its policy with Regional Scaffolding, SIF denied any duty to defend or indemnify Regional Scaffolding.

The underlying personal injury action ultimately was settled for a total of $185,000. Liberty Mutual paid $60,000 on behalf of its insured, general contractor Turner, defendant in the underlying action. National Union paid the balance on behalf of its insured, Regional Scaffolding, third-party defendant. An attorney present on behalf of SIF consented to the reasonableness of the total settlement, without agreeing to the 32% /68% allocation between Liberty Mutual and National Union.

In this declaratory judgment action, National Union is attempting to recoup from SIF, as a co-insurer of Regional Scaffolding, a portion of the monies it expended defending and settling the third-party action against their mutually insured Regional Scaffolding. SIF argues, and the IAS Court agreed, it has no obligation to reimburse National Union because the third-party action could have been dismissed pursuant to the "antisubrogation rule" articulated by the Court of Appeals in *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281) and *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465). In our view, however, the facts of this case do not implicate the policy concerns raised in *North Star*, *Pennsylvania Gen.*, and their progeny. We therefore reverse.

The public policy rationale of the antisubrogation cases is "to prevent [an] insurer from passing the incidence of loss to its own insured and to guard against the potential for conflict of interest that may affect the insurer's incentive to provide a vigorous defense for its insured" (*North Star Reins. Corp. v Continental Ins. Co.*, *supra*, at 294-295). Consequently, "[a]n insurer * * * has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*supra*, at 294). Here, the IAS Court held that the rule applied because third-party plaintiff Turner was a named additional insured on third-party defendant Regional Scaffolding's policy with National Union, the insurer providing a defense to Regional Scaffolding. However, in the underlying action Liberty Mutual alone defended Turner and paid for its share of the settlement. Thus, while Turner was the named party, Liberty Mutual was essentially the real party in interest in prosecuting the third-party action against Regional Scaffolding. As Liberty Mutual did not insure Regional Scaffolding, and owed it no duty, it should not be deprived of its equitable right of subrogation "against third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, *supra*, at 471). The antisubrogation doctrine does not apply because Liberty Mutual, by causing the third-party action to be commenced, did not seek to recover from its own insured, but rather from a third-party stranger to its insurance policy.

Nor was their an actual or potential conflict of interest. While Turner and Regional Scaffolding were both insured under the National Union policy, neither Turner nor its insurer Liberty Mutual ever demanded that National Union contribute to the defense or settlement monies expended on behalf of Turner. National Union's duties to Turner were never invoked, and National Union could not control, have input into, or otherwise manipulate the theories of liability asserted against Regional Scaffolding so as to minimize its liability or to trigger the coverage of another insurance policy, *i.e.*, the SIF policy (*cf.*, *North Star Reins. Corp. v Continental Ins. Co.*, *supra*, at 296). *Aetna Cas. & Sur. Co. v Greater N. Y. Mut. Ins. Co.* (205 AD2d 433), *Avalanche Wrecking Corp. v New York State Ins. Fund* (211 AD2d 551), and *National Union Fire Ins. Co. v State Ins. Fund* (213 AD2d 164) are factually distinguishable from this case because here Liberty Mutual did not insure both sides of the third-party action and was not called upon to defend and indemnify both of its insureds. We view the facts of this case to be more akin to those in cases where a common insurer does not cover an insured due to a policy exclusion, thereby vitiat-

ing any double coverage or representation problem and rendering the antisubrogation rule inapplicable (*see, e.g., Larson v City of New York*, 214 AD2d 413; *State of New York v U.W. Marx, Inc.*, 209 AD2d 784). Contrary to the view expressed by the IAS Court, the underlying third-party action was not amenable to dismissal.

National Union, as Regional Scaffolding's comprehensive general liability carrier, and SIF, as its employer's liability insurer, both insured Regional Scaffolding for damages arising out of bodily injury. The exclusion in SIF's policy against contractually assumed indemnification claims does not serve to bar coverage here because the included common-law liability and the excluded contractual liability may co-exist (*see, Hawthorne v South Bronx Community Corp.*, 78 NY2d 433, 438). National Union and SIF were co-insurers, and National Union has a cause of action against SIF for one-half of the reasonable amounts it expended for defense and settlement of the mutually insured loss, *i.e.*, the underlying action. Accordingly, we remand for an immediate trial, pursuant to CPLR 3212 (c), for a determination of the reasonableness of National Union's decision to pay $125,000 of the $185,000 settlement on behalf of Regional Scaffolding, as well as the amount and reasonableness of defense costs paid by National Union. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.