■ NATIONAL CASUALTY COMPANY, Respondent, v STATE INSURANCE FUND, Appellant. [641 NYS2d 665] —Judgment, Supreme Court, Nassau County (Stuart Ain, J.), entered February 22, 1995, awarding plaintiff $150,000 and bringing up for review the order, same court and Justice, dated January 17, 1995, which, *inter alia*, granted plaintiff's motion for summary judgment and denied defendant's cross-motion for summary judgment, is unanimously reversed, on the law, without costs, plaintiff's motion is denied and defendant's cross-motion is granted.

This is a declaratory judgment action brought by plaintiff National Casualty Company ("National") against defendant co-insurer the State Insurance Fund ("State Insurance") seeking reimbursement for at least half of the amount paid by plaintiff in settlement of the underlying personal injury action.

On April 26, 1989, Piotr Cichowski ("Cichowski"), an employee of John's Insulation, Inc. ("John's"), was injured while performing asbestos removal work at Consolidated Edison of New York, Inc. ("Con Ed"), pursuant to a contract between Con Ed and John's. The contract, *inter alia*, required John's to purchase $1 million of comprehensive liability insurance, naming Con Ed as an additional insured. Accordingly, John's added Con Ed as an additional insured on John's own general liability policy, which was issued by plaintiff National. In addition,

John's maintained Workers' Compensation coverage and Employers' Liability coverage through State Insurance.

Cichowski commenced a personal injury action against Con Ed in the Queens County Supreme Court and, despite Con Ed's designation as an additional insured under the National policy, National refused to defend or indemnify Con Ed. As a result, Con Ed retained its own counsel and commenced a third-party action against John's seeking contractual and common-law indemnification. Con Ed also commenced a declaratory judgment action against National and John's seeking a declaration that National was obligated to defend or indemnify Con Ed in the Cichowski action, or, in the alternative, that John's breached its contractual obligation to provide insurance coverage to Con Ed.

After trial in the Cichowski action, the jury absolved Con Ed of liability and found John's negligent and 100% responsible for the injuries sustained by Cichowski. Cichowski subsequently settled the damages portion of the action for $300,000, which was paid by National. National, in settlement of the declaratory judgment action, paid Con Ed $40,000 toward its legal fees.

National thereafter commenced this declaratory judgment action on or about July 2, 1993, seeking a declaration that State Insurance is obligated to reimburse National for at least one-half of the amount of the settlement. Plaintiff moved and defendant cross-moved for summary judgment and by decision dated January 17, 1995, the IAS Court granted plaintiff's motion, finding that National and State Insurance, being co-insurers, were equally responsible for indemnifying their insured, John's. Defendant appeals and we now reverse.

"An insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered. This rule applies even where the insured has expressly agreed to indemnify the party from whom the insurer's rights are derived and has procured separate insurance covering the same risk" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 468; *National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369, 370-371).

This exception to the general rule is required by public policy in order to preclude the insurer from passing the incidence of loss to its own insured and to shield against any potential conflict of interest which might affect the insurer's incentive to provide a vigorous defense for its insured (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294-295).

The foregoing standard has been applied in actions such as

the one herein where a vicariously liable party (i.e., an owner or contractor, in this case, Con Ed) brings a third-party action for indemnification against the actual wrongdoer (in this case, the contractor John's), and the third-party plaintiff and defendant are represented by the same insurer. Since the real party in interest bringing the third-party action is the insurer, that party is, essentially, suing one of its own insureds, and the anti-subrogation rule is implicated. Since the anti-subrogation rule requires the dismissal of the third-party action, any attempt by the insurer, after having paid the judgment or settlement, to obtain reimbursement from one of the third-party defendant's co-insurers, will be defeated (*see*, *National Union Fire Ins. Co. v State Ins. Fund*, 213 AD2d 164; *Avalanche Wrecking Corp. v New York State Ins. Fund*, 211 AD2d 551).

We are mindful of the fact that what distinguishes this action from the foregoing cited cases is that National did not fulfill its contractual obligation to defend and indemnify Con Ed which in effect caused Con Ed to commence a third-party action against John's. National argues that the anti-subrogation rule did not apply herein because it did not sue its own insured but rather, it was Con Ed who commenced the third-party action against John's. However, we do not find the factual distinction herein sufficient to render the anti-subrogation rule inapplicable.

In *North Star Reins. Corp. v Continental Ins. Co.* (*supra*, at 296), the Court of Appeals warned that a potential existed for the dual-insurer to "fashion the litigation" so as to minimize its own liability by triggering coverage under other insurance policies held by the third-party defendant. That is exactly what occurred herein as it is clear that Con Ed was named as an additional insured under the National policy, yet National failed to defend Con Ed, which forced Con Ed to commence a third-party action against John's, thereby triggering State Insurance's coverage of John's and minimizing National's liability (*see*, *National Union Fire Ins. Co. v Aetna Cas. & Sur. Corp.*, 790 F Supp 491, *affd* 983 F2d 1048). Although National claims that certain exclusions applied justifying denial of coverage, those claims are weak, and the eventual payment of $40,000 by National to Con Ed for legal fees further indicates that the decision to deny coverage reeks of gamesmanship. We, therefore, conclude that National cannot simply deny that it insured Con Ed in order to circumvent the anti-subrogation rule, and its failure to defend Con Ed did not remove the conflict of interest from the case, but simply rendered it latent rather than open.

We are also unpersuaded by National's claim that it did not cover John's for the type of loss sustained here based on a policy exclusion. In the first instance, National defended John's in the underlying action and paid $300,000 to settle the claim on John's behalf. Thus, National covered this claim on John's behalf and is now equitably estopped from denying coverage (*Schiff Assocs. v Flack*, 51 NY2d 692, 699; *Corcoran v Abbott Sommers, Inc.*, 143 AD2d 874, 876). In any event, National's argument that the loss sustained falls within an exclusion in its policy has been previously rejected by this Court (*Travelers Indem. Co. v LLJV Dev. Corp.*, 227 AD2d 151).

We have reviewed National's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.