■ MARILYN GOLDSMITH, Plaintiff, v LEVITTOWN UNION FREE SCHOOL DISTRICT, Defendant, and SYOSSET SAND AND GRAVEL CORP., Defendant and Third-Party Plaintiff-Appellant. BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Third-Party Defendant-Respondent. [648 NYS2d 929] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated March 31, 1995, which granted the motion of the third-party defendant to dismiss the third-party complaint based upon the antisubrogation rule.

Ordered that the order is affirmed, with costs.

The exclusion in the policy for injuries to employees of the "insured" suffered in the course of employment is not applicable to the plaintiff's accident. The plaintiff was an employee of the Board of Cooperative Educational Services of Nassau County (hereinafter BOCES). The policy defines "insured", in pertinent part, as an organization "designated in the declarations" as an insured. BOCES is not listed as a named insured on the declarations page. Rather, BOCES is listed as a "Co-Insured with regard to general liability" under "special Items"

on the appellant's insurance policy (*cf., McGurran v DiCanio Planned Dev. Corp.*, 216 AD2d 538). To the extent that the exclusion is ambiguous, the burden was on the appellant to establish that its interpretation of the exclusion is the "'only construction that [could] fairly be placed thereon'" (*Vinocur's Inc. v CNA Ins. Cos.*, 132 AD2d 543, 544, quoting *American Home Assur. Co. v Port Auth.*, 66 AD2d 269, 276). The appellant failed to meet that burden.

The antisubrogation rule precludes the appellant from maintaining a third-party action against BOCES *(see, North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294-295; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.