■ WILLIAM G. Cox, Appellant, v INTERNATIONAL PAPER COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. T. D. KRYZAK, INC., Third-Party Defendant-Appellant. [651 NYS2d 230] —White, J. Appeals, (1) from an order of the Supreme Court (Plumadore, J.), entered August 3, 1995 in Saratoga County, which denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and denied third-party defendant's cross motion for summary judgment dismissing the third-party complaint,

and (2) from an order of said court, entered August 3, 1995 in Saratoga County, which denied third-party defendant's motion for reconsideration.

In June 1992, third-party defendant, T. D. Kryzak, Inc. (hereinafter Kryzak), plaintiff's employer, entered into a contract with defendant to remove and replace the piping for the machine oil supply and return system on a paper machine located in a facility owned by defendant in the Town of Corinth, Saratoga County. On June 20, 1992, as plaintiff, a pipefitter, was replacing some piping, he fell from an elevated height sustaining personal injuries. Thereafter, he commenced this action predicated upon, *inter alia*, Labor Law § 240 (1). Defendant, in turn, commenced a third-party action against Kryzak seeking indemnification and/or contribution. Following some discovery, plaintiff moved for partial summary judgment on the issue of liability relative to his Labor Law § 240 (1) cause of action. Kryzak responded by cross-moving for summary judgment dismissing the third-party complaint based on the anti-subrogation rule. Supreme Court denied both motions. These appeals ensued after Supreme Court denied Kryzak's motion for leave to renew and reargue.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to furnish or erect suitable devices to protect workers who are engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (*Jock v Fien*, 80 NY2d 965, 967). While defendant concedes that the paper machine is a structure, it argues that plaintiff is not entitled to the protection of Labor Law § 240 (1) because he was merely performing routine maintenance and was not "repairing" or "altering" the machine.

In the absence of proof that the machine was inoperable or not functioning properly, we agree that plaintiff was not repairing it (*see, Izrailev v Ficarra Furniture*, 70 NY2d 813, 815; *Carr v Jacob Perl Assocs.*, 201 AD2d 296, 297). Thus, the determinative issue is whether plaintiff was engaged in "altering" the paper machine. To resolve this issue, we first look to case law where, consistent with the legislative intent, "altering" has been liberally construed to include such acts as removing storm windows (*see, Ferrari v Niasher Realty*, 175 AD2d 591, 592), installing cable television on a utility pole (*see, Dedario v New York Tel. Co.*, 162 AD2d 1001, 1003), affixing fire alarm tubing to a structural portion of a building (*see, Tate v Clancy-Cullen Stor. Co.*, 171 AD2d 292, 295), placing weatherguarding on a telephone line (*see, Garrant v New York Tel. Co.*, 179 AD2d 960, 962) and switching cable television attachments from a

utility pole (*see, Tauriello v New York Tel. Co.*, 199 AD2d 377, 379). On the other hand, activities such as changing a light bulb in an illuminated sign (*see, Smith v Shell Oil Co.*, 85 NY2d 1000, 1002), replacing a leaking tube on a car wash machine (*see, Rennoldson v Volpe Realty Corp.*, 216 AD2d 912, *lv dismissed* 86 NY2d 837), and replacing a plywood shelf (*see, Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592, 593) have been found to be acts of routine maintenance outside the ambit of Labor Law § 240 (1). The distinguishing feature between the former and latter cases is that in the latter, the activities resulted in no change in the building or structure.

Here, it is evident from the contract price of $21,500 and the fact that the project took several days to complete that plaintiff's activities were not part of a routine maintenance program. We further note that this project involved the replacement of an entire component part of the paper machine which included the rerouting of some piping to a new location. In view of these circumstances, we have no difficulty in finding that the work plaintiff was engaged in constituted an alteration of the paper machine. Accordingly, plaintiff is entitled to seek relief under Labor Law § 240 (1).

Our further review of the record discloses that plaintiff was provided with a safety device, a lanyard, which defendant claims he could have properly utilized by attaching it to a nearby steel beam or steel support rods. This evidence precludes summary judgment in plaintiff's favor for, as we have recently reiterated, the rule in this Department is that when a worker is provided with an elevation-related safety device, the question of whether the device provided proper protection within the meaning of Labor Law § 240 (1) is generally a question of fact (*see, Beesimer v Albany Ave./ Rte. 9 Realty*, 216 AD2d 853, 854). We discern no reason to depart from the rule in this case.

We turn to Kryzak's appeal from the denial of its cross motion based upon *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281), which reaffirmed the antisubrogation rule which provides that an insurance carrier cannot sue its own insured for the very risk for which the insured was covered. Here, in accordance with the contract, Kryzak procured a commercial general liability insurance policy from General Accident Insurance Company wherein it was the named insured and defendant was named as an additional insured. After the commencement of this action and defendant's third-party action, General Accident agreed to provide legal representation

to Kryzak and defendant. Under a similar fact pattern involving an identical insurance policy, the Court in *Hailey v New York State Elec. & Gas Corp.* (214 AD2d 986) held that the third-party complaint was barred by the antisubrogation rule.

Defendant argues that while *Hailey (supra)* appears to be dispositive, it is distinguishable because Kryzak has a separate workers' compensation policy which could provide coinsurance coverage. Aside from the fact that the employer in *Hailey* undoubtedly had a similar policy, we are not persuaded by defendant's argument since the presence of the workers' compensation policy does not negate the potential conflict of interest created by General Accident when it undertook the representation of Kryzak and defendant in this action (*see, National Union Fire Ins. Co. v State Ins. Fund*, 213 AD2d 164, 165-166; *Avalanche Wrecking Corp. v New York State Ins. Fund*, 211 AD2d 551, 553; *Aetna Cas. & Sur. Co. v Greater N. Y. Mut. Ins. Co.*, 205 AD2d 433, 434; *compare, National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369, 371-372). Therefore, Supreme Court should have granted Kryzak's cross motion.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's cross motion for summary judgment; cross motion granted, summary judgment awarded to third-party defendant and third-party complaint dismissed; and, as so modified, affirmed.