■ SANDRA GLICK et al., Plaintiffs, v MILLMAN GOLDBERG PRESSLER ASSOCIATES, Defendant and Third-Party Plaintiff-Appellant. TUCKER LEASING—CAPITAL CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [692 NYS2d 745] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Millman Goldberg Pressler Associates appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered February 25, 1998, as granted the motion of third-party defendant Tucker Leasing—Capital Corp. for summary judgment dismissing the second and third causes of action in the third-party complaint as well as so much of the first cause of action in the third-party complaint as was asserted against Tucker Leasing—Capital Corp.

Ordered that the order is modified by deleting the provision thereof granting the motion and substituting therefor a provision granting the motion to the extent of granting partial summary judgment dismissing the second and third causes of action in the third-party complaint as well as so much of the third-party complaint as was asserted against Tucker Leasing—Capital Corp. to the extent that any judgment entered in favor of the plaintiffs in the main action is covered by the limits of the subject policies, and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent.

We agree with the Supreme Court that the antisubrogation rule precludes the defendant third-party plaintiff, Millman Goldberg Pressler Associates (hereinafter Millman), from maintaining causes of action for indemnification against the third-party defendant Tucker Leasing—Capital Corp. (hereinafter Tucker) (*see, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 468; *Goldsmith v Levittown Union Free School Dist.,* 232 AD2d 451). It is undisputed that Millman and Tucker are both named insureds under two insurance policies issued by St. Paul Fire and Marine Insurance Company covering the same risk. Accordingly, the double representation involved in this case created a potential conflict of interest (*see,*

*North Star Reins. Corp. v Continental Ins. Co., supra*), and warranted dismissal of the third-party action against Tucker to the extent that any judgment entered in favor of the plaintiffs in the main action is covered by the limits of the subject policies (*see, National Union Fire Ins. Co. v State Ins. Fund,* 213 AD2d 164; *Aetna Cas. & Sur. Co. v Greater N. Y. Mut. Ins. Co.,* 205 AD2d 433; *cf., McGurran v DiCanio Planned Dev. Corp.,* 216 AD2d 538).

Millman's remaining contentions are without merit. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.