*640 OPINION OF THE COURT
Per Curiam.
Order dated June 12, 2000 affirmed, with $10 costs.
Plaintiff, an employee of third-party defendant Mridula Restaurant Corp., commenced this action against defendants to recover damages for personal injuries allegedly sustained when plaintiff slipped and fell on a stairway between the basement and kitchen in a restaurant leased by third-party defendant in a building owned by defendants.
Civil Court properly denied the restaurant’s motion to dismiss the landlord’s third-party complaint as against it. Contrary to the restaurant’s argument, the antisubrogation rule does not bar the third-party action (North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294-296). The restaurant’s general liability policy clearly excludes coverage for work-related bodily injury to the insured’s employees. Since plaintiff’s personal injury claim was not a risk for which the restaurant was covered under that policy, the restaurant and the landlord (an additional insured as lessor on the lessee’s policy) are not mutual insureds and the antisubrogation rule does not apply (Dannhauser v County of Suffolk, 216 AD2d 516; McGurran v DiCanio Planned Dev. Corp., 216 AD2d 538).
We have considered appellant’s remaining contentions, including its argument that the third-party complaint should be dismissed as abandoned pursuant to CPLR 3215 (c), and find them to be without merit (see, Multari v Glalin Arms Corp., 28 AD2d 122, 124, appeal dismissed 23 NY2d 740).
Parness, P. J., Davis and Suarez, JJ., concur.