■ NATIONAL CASUALTY COMPANY, Respondent, v ALLCITY INSURANCE COMPANY, Appellant. [737 NYS2d 70] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September

13, 2000, which, insofar as appealed from, denied defendant Allcity Insurance Company's motion for summary judgment dismissing the complaint, and granted plaintiff National Casualty Company's cross motion for summary judgment seeking reimbursement for one half of the settlement paid and one half of the defense costs incurred in connection with the defense of an underlying personal injury action, unanimously reversed, on the law, without costs, the motion granted and the cross motion denied. The Clerk is directed to enter judgment in favor. of defendant-appellant dismissing the complaint.

The record shows that the owner and the general contractor were additional insureds on the general liability policy obtained by the subcontractor (employer of the plaintiff in the underlying action) from plaintiff National Casualty Company (National). Although National did not assume its obligation to defend and indemnify the owner and the general contractor (it did retain and pay for counsel to represent the subcontractor), the third-party action sought to impose that obligation. Had the case not been settled, the underlying action would have been subject to dismissal pursuant to the antisubrogation rule (*compare National Union Fire Ins. Co. v State Ins. Fund*, 213 AD2d 164, *with National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369). Accordingly, National may not seek to recover from the subcontractor's workers' compensation carrier, defendant Allcity Insurance Company, which would not have been obligated to make any contribution to the settlement. Concur— Mazzarelli, J.P., Andrias, Rosenberger, Ellerin and Lerner, JJ.