■ AIU Insurance Company, Respondent-Appellant, v Nationwide Mutual Insurance Company, Appellant-Respondent. [878 NYS2d 52]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered January 23, 2008, in an action between insurers involving their respective coverage obligations in an

underlying action, inter alia, declaring, upon the parties' respective motions for summary judgment, that the parties have an equal obligation to indemnify their mutual insured in the underlying action and that defendant is obligated to reimburse plaintiff for one half of the settlement that plaintiff paid in the underlying action, and awarding plaintiff damages in accordance with such declaration, unanimously reversed, on the law, without costs, the judgment vacated, defendant's motion for summary judgment granted, and it is declared that defendant has no obligation to indemnify the parties' mutual insured or to reimburse plaintiff for one half of the settlement.

The underlying action giving rise to the coverage claims in this action involved a fatal accident at a construction site. Under a so-called wrap-up insurance policy, plaintiff insured both the owner of the site and the subcontractor that employed the decedent; defendant also insured the employer under a workers' compensation policy that provided coverage for damages claimed by a "third party as a result of injury to your employee." After the decedent's wife was granted summary judgment against the owner on the issue of liability, plaintiff caused the owner to commence a third-party action against the employer, but plaintiff settled the main action after a trial on damages was held, and the employer was not involved in either the trial or the subsequent settlement. There is no merit to plaintiff's present claim that, because the employer was the only possible active tortfeasor, defendant is obligated to reimburse it for half of the settlement. Although the third-party action did not go forward after the settlement of the main action, the antisubrogation rule would have required its dismissal, and thus any attempt by plaintiff, after having paid the settlement, to obtain reimbursement from a coinsurer must fail (*National Cas. Co. v State Ins. Fund*, 227 AD2d 115, 116-117 [1996], *lv denied* 88 NY2d 813 [1996]). Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ.