Damon G. Douglas Co. v Mt. Hawley Ins. Co. (2021 NY Slip Op 02488)





Damon G. Douglas Co. v Mt. Hawley Ins. Co.


2021 NY Slip Op 02488


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 655491/18 Appeal No. 13669 Case No. 2020-00609 

[*1]Damon G. Douglas Company, et al., Plaintiffs,
v
Mt. Hawley Insurance Company, Defendant-Appellant, National Union Fire Insurance Company, Defendant-Respondent, Arch Specialty Insurance Company, et al., Defendants.


Ford Marrin Esposito Witmeyer & Gleser, L.L.P., New York (Joseph D'Ambrosio of counsel), for appellant.
Riker Danzig Scherer Hyland & Perretti LLP, New York (Jeffrey A. Beer Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered January 17, 2020, which granted defendant National Union Fire Insurance Company's (National Union) motion for partial summary judgment declaring that defendant Mt. Hawley Insurance Company's (Mt. Hawley) reliance on an exclusion in its policy is unavailing, and that Mt. Hawley is obligated to provide excess liability coverage in the underlying action, unanimously affirmed, with costs.
This declaratory judgment action concerns insurance coverage for defendants and third-party defendants to an underlying Labor Law action. Plaintiff Adelphi University and the Trustees of Adelphi (collectively Adelphi) hired plaintiff Damon G. Douglas Company (DGDC) as the general contractor for a construction project to build, from the ground up, a three-story building. As relevant here, DGDC retained defendant Pravco, Inc. to act as the structural steel and iron work subcontractor. Pravco, Inc. then hired defendant Island Structures Inc. (Island) as the subcontractor for a portion of its work. Island subcontracted a portion of its work to defendant Iron Inc. (Iron).
The injured plaintiff in the underlying action, Frank Giattino, alleged that he was seriously injured when he was performing metal work and fell from the first floor to the ground level. The height from where he fell was about 15 feet. Adelphi and DGDC filed third-party actions against Island for indemnification, contribution, and breach of contract. In turn, Island filed a third-party action against Iron for negligence, indemnification, contribution, and breach of contract.
In the underlying action, Giattino moved for and was awarded summary judgment on the issue of liability on his Labor Law claim against Adelphi and DGDC. Adelphi and DGDC moved for summary judgment for contractual indemnification against, inter alia, Island, and Island moved for contractual indemnification against Iron. The court granted the motions for contractual indemnification and found that Island and Iron were required to indemnify Adelphi and DGDC. In addition, the court found that Island was entitled to be indemnified by Iron.
Defendant Mt. Hawley issued an excess liability policy to defendant Iron, the employer of the injured plaintiff in the underlying action. National Union's named insured, Island, is an additional insured under the policy issued by Mt. Hawley. The policy excluded coverage for certain activities, including "[a]ny exterior work over [two] stories, any ground up construction over [two] stories while the insured is operating in the capacity of a general contractor, or any project that involves adding stories to an existing structure, whether done by an insured or by subcontractors on an insured's behalf." Mt. Hawley denied coverage on the basis of the "exterior work over [two] stories" exclusion. National Union moved for summary judgment declaring that Mt. Hawley is obligated to provide insurance coverage to both Iron and Island [*2]in the underlying action.
To begin, National Union has standing to seek a declaration concerning the coverage owed by a coinsurer (Tops Mkts. v Maryland Cas., 267 AD2d 999, 1000 [4th Dept 1999]; see also National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund, 222 AD2d 369, 370 [1st Dept 1995]). As to the merits, "unambiguous provisions of an insurance policy, as with any written contract, must be afforded their plain and ordinary meaning, and that the interpretation of such provisions is a question of law for the court" (Broad St., LLC v Gulf Ins. Co., 37 AD3d 126, 130 [1st Dept 2006]).
Here, the language in the exclusion provision, which is unambiguous, states that the policy at issue does not apply to bodily injury arising out of ongoing operations concerning the "exterior work over [two] stories." Although the construction of the building contemplated multiple floors, at the time of the accident, the injury did not arise out of exterior work over two stories (see Regal Const. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021